IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 23, 2001

**STATE OF TENNESSEE v. LEWIS WOODY**

**Appeal from the Criminal Court for Knox County**
**No. 59538     Mary Beth Leibowitz, Judge**

**No. E2000-01363-CCA-R3-CD**
**August 2, 2001**

The Defendant, Lewis Woody, filed a notice of appeal which we construe to appeal the judgments of conviction for two forgeries resulting from a negotiated plea agreement, and he also included within the notice, an appeal from the trial court's order denying his motion to tax costs to the State and to "quash execution of garnishment." For the reasons set forth herein, we dismiss his appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and ROBERT W. WEDEMEYER, J., joined.

Lewis Woody, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 20, 1999, the Defendant entered guilty pleas in the Criminal Court of Knox County to two counts of forgery. From the record, it appears that this was a negotiated plea agreement as to the offenses to which he was pleading guilty, the length of the sentences, and the requirement that the sentences be served consecutively. The notice of appeal was not filed until approximately one and one-half (1 ½ ) years later, on June 12, 2000.

The Defendant does not have the right to appeal as of right, pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, a negotiated plea agreement wherein he has agreed to the offenses to which he pleads guilty and all aspects of the sentencing. See Tenn. R. App. P. 3; see e.g., State v. Leath, 977 S.W.2d 132 (Tenn. Crim. App. 1998). In any event, the notice of appeal was not timely filed. While the timely filing of a notice of appeal may be waived in the interest of justice, Tenn. R. App. P. 4(a), there is nothing in the record to indicate that the timely filing of a notice of

appeal, even if appropriate, should be waived. Therefore, Defendant's appeal, insofar as it attacks the original judgments of conviction and sentencing in this case is hereby dismissed.

There are no transcripts to any proceedings in this case and the appellate record consists entirely of the technical record. At some point, Defendant was placed on unsupervised probation for the sentences resulting from the forgery convictions. Apparently, the probated sentence was revoked because Defendant committed additional crimes, and he was again incarcerated. The Defendant alleges that there was an execution by garnishment upon his prison inmate account to pay "costs and fees" related to the forgery convictions. The Defendant filed a motion in the Criminal Court of Knox County, asserting that he was indigent, and that the "costs and fees" should be taxed to the State and that the trial court should enter an order to "quash" the garnishment. The trial court denied the motion in an order filed May 16, 2000, stating therein "that state law requires funds be taken from the inmate trust fund regardless of whether the defendant is an indigent or not in the trial court and that the Court has no authority to require the State to do otherwise."

This Court has previously held that a lawsuit to enjoin the Department of Correction from collecting court costs from an inmate's trust account is not among the listed enumerated causes of action which may be appealed as of right pursuant to Tennessee Rule Appellate Procedure 3(b). See State v. Charles J. Smigelski, No. E2000-00533-CCA-R3-CD, 2001 WL 87640, at *2 (Tenn. Crim. App., Knoxville, Feb. 2, 2001).

The order from which Defendant seeks relief is not an interlocutory order, so therefore appeal would also not lie pursuant to Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure. Therefore, if the Defendant were entitled to relief in this court, it would be pursuant to writ of certiorari. See Leath, 977 S.W.2d at 135. However, we decline to treat this as a petition for writ of certiorari as a panel of this Court did in Leath, and therefore hold, pursuant to Smigelski, that Defendant's appeal from the trial court's order denying his "Motion for Tax to State to Quash Execution of Garnishment" must also be dismissed.

Accordingly, the Defendant's appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE